UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 2 5 2006

Michael N. Milby, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | CRIMINAL No.- 0 6 - 6 4 |
| TRAFIGURA AG § (Incorporated under the laws of § Switzerland) | |

## CRIMINAL INFORMATION

The United States Attorney charges that:

### COUNT ONE

On or about July 2, 2001 in the Southern District of Texas, the defendant,

### TRAFIGURA AG

did enter and introduce into the commerce of the United States, imported merchandise, that is, approximately 229,375.55 barrels of Basrah Light Crude Oil shipped on the vessel *M/T Essex* from Iraq, by making and causing to be made a material false statement in a declaration without reasonable cause to believe the truth of such statement, that is, the defendant warranted to its customer in Houston, Texas, for further declaration, that the oil the defendant was shipping and delivering to the United States pursuant to their

1

contract was obtained pursuant to all necessary approvals and in accordance with all applicable procedures of United Nations Resolution 986 and the U.N. Security Council Committee established by SCR 661(1990) and that the defendant had complied with 31 C.F.R. 575 and the provisions of all applicable U.N. Resolutions.

In violation of Title 18, United States Code, Section 542.

## COUNT TWO

On or about October 16, 2001, in the Southern District of Texas, the defendant,

## TRAFIGURA AG

did enter and introduce into the commerce of the United States, imported merchandise, that is, approximately 271,669 barrels of Basrah Light Crude Oil shipped on the vessel *M/T Essex* from Iraq, by making and causing to be made a material false statement in a declaration without reasonable cause to believe the truth of such statement, that is, the defendant warranted to its customer, in Houston, Texas, for further declaration, that the oil the defendant was shipping and delivering to the United States pursuant to their contract was obtained pursuant to all necessary approvals and in accordance

2

with all applicable procedures of United Nations Resolution 986 and the U.N. Security Council Committee established by SCR 661(1990) and that the defendant had complied with 31 C.F.R. 575 and the provisions of all applicable U.N. Resolutions.

In violation of Title 18, United States Code, Section 542.

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 18, United States Code, Section 982(a)(2)(B), the United States gives notice that the defendant shall forfeit all property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of the violations charged in Counts One and Two of this criminal information. The property subject to forfeiture, includes, but is not limited to, the following property:

$9,937,551.59 in United States Currency.

### Substitute Assets

In the event that the property subject to forfeiture as a result of any act or omission of the defendant:

    a.    cannot be located upon exercise of due diligence;

3

      b.      has been placed beyond the jurisdiction of the Court;

      c.      has been transferred or sold to, or deposited with a third party;

      d.      has been substantially diminished in value; or

      e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 18, United States Code, Section 982(b)(1) incorporating Title 21, United States Code, Section 853(p).

DONALD J. DeGABRIELLE, JR.
UNITED STATES ATTORNEY

By _____
Melissa Annis
Assistant United States Attorney
SDTX Federal Admission #14389
910 Travis, Suite 1500
Houston, Texas 77002
(713)567-9736