UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

MAY 2 5 2006

Michael N. Milby, Clerk of Court

BEFORE THE
OFFICE OF FOREIGN ASSETS CONTROL
UNITED STATES DEPARTEMENT OF THE TREASURY

CIVIL PENALTY AGREEMENT V-06-64 

WHEREAS Trafigura AG, having a principal place of business in Stamford, Connecticut, engaged in transactions, between on or about April 2001 and November 2001, involving, and dealing in, the property and interests in property of the Government of Iraq without having first obtained the required authorization of the Secretary of the Treasury or his designee ("prohibited transactions");

WHEREAS the prohibited transactions violated the International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-1706, the United Nations Participation Act, 22 U.S.C. § 287c, the Iraq Sanctions Act of 1990, Public Law 101-513 (November 5, 1990); and Executive Order 12722 of August 2, 1990; Executive Order 12724 of August 9, 1990; and the Iraqi Sanctions Regulations, 31 C.F.R. part 575 (the "Regulations");

WHEREAS Trafigura AG has agreed to pay a civil penalty to the U.S. Department of the Treasury in the amount of $1,900,000 (One Million Nine Hundred Thousand Dollars) arising out of the

1

prohibited transactions, see 50 U.S.C. § 1705 and section 586E
of the Iraq Sanctions Act;

WHEREAS Trafigura AG and the Office of Foreign Assets
Control, U.S. Department of the Treasury ("OFAC"), the office
charged with administering sanctions imposed by the
International Emergency Economic Powers Act, 50 U.S.C. §§ 1701-
1706, the United Nations Participation Act, 22 U.S.C. § 287c,
the Iraq Sanctions Act of 1990, Public Law 101-513 (November 5,
1990);  and Executive Order 12722 of August 2, 1990; Executive
Order 12724 of August 9, 1990; and the Regulations; desire to
settle this matter without engaging further in the time and
expense of administrative or civil proceedings;

NOW, THEREFORE, Trafigura AG and OFAC agree that:

1.  Trafigura AG will pay $1,900,000 (One Million Nine
Hundred Thousand Dollars) in full settlement of the civil
penalty arising out of the prohibited transactions.  This
payment is to be made immediately following sentencing in the
case of United States of America v. Trafigura AG, United States
District Court, Southern District of Texas.  Trafigura AG and
OFAC agree that payment will be made from funds blocked pursuant
to OFAC's Notice of Blocking of November 23, 2001.  Immediately
following sentencing, OFAC will issue a Directive License
requiring an electronic funds transfer to the following account:

2

Receiver FI (the ABA number): 021030004 TREAS NYC

Beneficiary (Treasury account): 20010001 Department of the

Treasury, Departmental Offices

Originator to Beneficiary Field:

Trafigura/Notify OFAC – [P. Adgerson]

2.   Trafigura AG and any of its affiliates, including but

not limited to Trafigura Beheer BV Amsterdam, will relinquish

any and all rights to initiate or pursue any claim or cause of

action of any nature against OFAC or the U.S. Department of the

Treasury or any of their past or present agents or employees for

any and all claims and causes of action of any nature which were

or could have been raised on or before the effective date of

this Settlement Agreement, including, but not limited to, any

claim or cause of action made pursuant to the United States

Constitution or the Administrative Procedure Act, 5 U.S.C. 701

*et seq.*

3.   Trafigura AG and any of its affiliates, including but

not limited to Trafigura Beheer BV Amsterdam, will release and

forever discharge OFAC and the U.S. Department of the Treasury

and their past and present agents and employees from any and all

liability for any and all claims and causes of action of any

nature which were or could have been raised on or before the

effective date of this Settlement Agreement, including, but not

3

limited to, (i) claims or causes of action made pursuant to the United States Constitution or the Administrative Procedure Act, 5 U.S.C. 701 et seq.; (ii) any additional claims or causes of action that they might have for compensatory or punitive damages, personal injury, economic damages, attorneys' fees, interest, and costs; and (iii) any related allegations or claims cognizable under any other federal or state statute, or under any common law causes of action.

4.  Trafigura AG and any of its affiliates, including but not limited to Trafigura Beheer BV Amsterdam, will waive any and all claims and causes of action for attorneys' fees, interest, and any other compensation or benefits not specifically provided for in this Settlement Agreement.

5.  Trafigura AG and any of its affiliates, including but not limited to Trafigura Beheer BV Amsterdam, expressly agree that this settlement agreement may be disclosed to the public when it takes effect.  *See* paragraph 7 below.

6.  On the successful transfer of the lump sum payment described in paragraph 1 to the U.S. Department of the Treasury, OFAC agrees that Trafigura AG and any of its affiliates, including but not limited to Trafigura Beheer BV Amsterdam, and its past and present agents and employees will hereby be released and forever discharged from any and all civil liability

4

with respect to the prohibited transactions, and may cancel its $10,000,000 letter of credit and receive any balance from the blocked account exceeding the sum of (i) the amount of this settlement plus (ii) the criminal fine and forfeiture in United States v. Trafigura AG.

7.   This Settlement Agreement shall not take full effect until Trafigura AG's guilty plea is entered and sentencing is completed in United States v. Trafigura AG, United States District Court, Southern District of Texas.

8.   This Settlement Agreement represents the entire agreement between the parties, and binds the parties and their assigns, agents, and successors.


By: _____        Date: _____

    Trafigura AG


By: *Barbara C. Hammerle* .        Date: *May 12, 2006*
    Barbara C. Hammerle
    Acting Director
    Office of Foreign Assets Control
    U.S. Department of the Treasury